IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN MARK REITZ,

                   Plaintiff,

                                                   No. 3:14-cv-00624-HZ

                                                OPINION & ORDER

    v.

THE FEDERAL GOVERNMENT, et al,

                   Defendants.

Robin Mark Reitz
General Delivery
Post Office
Longview, WA 98632

       Pro Se Plaintiff

HERNANDEZ, District Judge:

Now before me is Plaintiff's application to proceed in forma pauperis ("IFP") [1].  I find that Plaintiff's complaint is frivolous, fails to state a claim upon which relief may be granted, and fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, I dismiss Plaintiff's complaint sua sponte.

## DISCUSSION

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  With respect to IFP actions such as this, district courts are obligated to dismiss actions sue sponte that are frivolous or malicious, or that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Courts have a duty to liberally construe a pro se plaintiff's pleadings.  See, e.g., Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  A liberal interpretation of a pro se complaint, however, "may not supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, "conclusory allegations of law and unwarranted inferences" are insufficient.  Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (Citations and internal quotation marks omitted).  Where a complaint is dismissed, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (citation and internal quotation marks omitted).

2 - OPINION & ORDER

Plaintiff brings claims against "The Federal Government[,] The President of the U.S.[,] . . . the Attorney General of the U.S. Eric Holder[,] and] Both Houses of Congress."  Compl., p. 1. Plaintiff's first claim alleges that he was the "whistle blower on the Morgage [sic] and Housing Corruption [sic]."  Id., p. 3.  Plaintiff's second claim alleges that he "called the U.S. Attorney's Office in Seattle and told them of what [he] thought was corruption."  Id., p. 4.  Plaintiff's third claim alleges that he told "the assistant administrator [f]or the Seattle U.S. Attorney's Office . . . of . . . what [he] thought corrupting [sic]" and that there were "attempts on [his] life . . . [and] nothing [was] done."  Id., pp. 4-5.

Even when construing Plaintiff's complaint liberally, I find that the complaint is frivolous and lacks any arguable basis either in law or in fact, fails to state a claim for relief against any of the Defendants, and does not comply with Rule 8.  I also find that Plaintiff cannot cure the deficiencies in his complaint and amendment would be futile.

## CONCLUSION

The complaint is DISMISSED sua sponte with prejudice.  Plaintiff's application to proceed IFP and pending motions, if any, are DENIED as moot.

IT IS SO ORDERED.

Dated this ____ day of ____APRIL____, 2014.

_____
MARCO A. HERNANDEZ
United States District Judge